### ISREAL GARCIA V. STATE

No. 31,542. March 9, 1960

*Brown & Shuman,* by *Clifford W. Brown,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, by *J. Q. Warnick, Jr.,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is aggravated assault; the punishment, 60 days in jail and a fine of $50.

The information alleged that appellant committed an aggravated assault upon Elisa Rojas Martinez, he being an adult male and she a female.

The injured party testified that she was 35 years of age, and was supporting herself, a child and three grandchildren by bootlegging in Lubbock; that on the night in question appellant and Fred, one of his friends, came to her home and place of business and purchased and drank a beer; that she told them it was the last she had; that about 1 A.M. appellant said "We are leaving"; that he got up and "started fussing" and said "Think you are too smart?" and cursed her; that appellant said "Don't be so sweet because I close any place * * * this place or any other place when I get ready. My name is Isreal Garcia * * * Don't think I am scared of small people I been in the penitentiary before * * * I just come out * * * I can close all these places if I want to."

The injured party further testified that appellant then hit her on the right side of the back of her head, she supposed with his hand, then as she turned around he struck her on the head with a pistol and put his hand in her blouse where she kept her money; that appellant then started to the room where the children were, backing up with his pistol and "he say nobody get close to him because he kill him."

The injured party, who was bleeding from the wound on her head, was taken by a friend to find an officer and she reported the assault to a policeman and gave him appellant's name. She was taken to the hospital. Appellant was arrested two days later.

Appellant did not testify, but offered the witness Fred Rangill. He testified that he accompanied appellant to Mrs. Martinez' place where appellant purchased and the two of them consumed two 24 ounce cans of beer; that he declined another, saying he had to drive back to Tahoka; that two men were present in addition to himself and appellant, one called Johnny and the other whose name was not called; that one of the men cursed appellant without reason and appellant "talked back";

that the man got up and cursed appellant again and "swing at Isreal" and hit him in the chest; that appellant hit him back and knocked him down; that the other boy "jumped on" appellant and while they were fighting "this Martinez woman jumped into the fight and hit him in the back about three or four times"; that either appellant or the boy pushed her back, "pushed her plumb down against the Victrola"; that she cursed appellant and said she was going to kill him; that she stuck her hand down inside her dress, "try to reach for something", and appellant "grabbed something from the sofa and hit her in the head"; that he saw no pistol; that he believed it was an ash tray appellant hit her with; that one of the boys "had gotten up again" and appellant "knocked him down again" and he "didn't get up no more" and that he and appellant left.

The issue of self-defense against an attack giving rise to apprehension of death or serious bodily injury was not separately submitted in the court's charge and there was no request that it be submitted, and no objection to the omission of such charge.

The court did submit self-defense against any unlawful violence, in the following language:

"Violence used to the person of another does not amount to an aggravated assault when used in self defense against any unlawful attack reasonable threatening injury to the person attacked and defendant is justified in using all necessary force to defend himself *viewed from the standpoint of the defendant alone at the time,* but in such case only that degree of force may be used that is necessary to effect the defense of the person from the unlawful attack. So, you are charged that *a person has the same right to defend himself against apparent danger* as he would have were the danger real, *provided the person acts upon the reasonable appearance of danger as it appears to him viewed from his standpoint at the time,* and in such case, the party acting under such real danger *or reasonable appearance of danger* is not bound to retreat; and if you believe from the evidence, beyond a reasonable doubt, that the defendant, Isreal Garcia, used violence upon the person of the witness, Elisa Rojas Martinez, and that the only violence used, if any, by him, the said Isreal Garcia, was in his necessary self defense and that only that degree of violence, if any, by him, was used that was necessary to effect that purpose, or if you have a reasonable doubt thereof you will acquit the defendant Isreal Garcia."

Appellant's principal ground for reversal is that the latter portion of this charge "makes the defendant's right to defend himself against violence dependent upon the jury's standpoint as to the degree of violence, if any, that was necessary to effect his defense."

Appellant's objection must be appraised in the light of the evidence; the fact that there is no testimony or statement of appellant as to his intent or reason for striking the woman or as to any belief that he was in danger of being injured by her. There was no objection to the restriction of appellant's right to the use of only such degree of violence as was necessary to his defense other than that the charge should have required that the jury pass upon the matter from the standpoint of the defendant.

If the testimony of appellant's companion Fred Rangill raised the issue that he was justified in striking Mrs. Martinez on the head with some instrument, because of her striking him with her hand, without believing that he was in danger of death or serious bodily injury, the charge protected appellant's rights.

The underlined instructions in the same paragraph and sentence of the charge to which objection was made clearly told the jury that the right of self defense should be viewed from the standpoint of the defendant at the time.

We find no reversible error in the overruling of the objection to the charge.

The judgment is affirmed.