RICHARD HANNI GARCIA V. STATE

No. 31,726. March 23, 1960

State's Motion for Rehearing Overruled May 18, 1960

DAVIDSON, Judge, Concurred in Part and Dissented in Part.

*Mackin & Goldsmith,* Fort Worth, for appellant.

*Doug Crouch,* Criminal District Attorney, *A. J. Bryan, Albert F. Fick, Jr.,* Assistants District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment drawn under Art. 489c V.A.P.C. alleged that appellant, on or about August 11, 1958, had in his possession away from the premises upon which he resided, a pistol, he having been convicted on January 21, 1953, in Cause No. 52394 in Criminal District Court of Tarrant County, Texas, of burglary and served a term in the penitentiary under said conviction.

For enhancement of punishment, the indictment alleged a prior conviction in 1954 for felony theft and also alleged the same burglary conviction alleged in charging the primary offense.

The jury found appellant guilty as charged in the indictment.

The court's charge did not submit the question of punishment, nor was the jury called upon to make any findings concerning the conviction of appellant alleged for enhancement.

Judgment was rendered adjudging appellant guilty of the primary offense "and having theretofore been convicted of two (2) separate felonies less than capital, as charged in the indictment, and that he be punished by confinement in the penitentiary for life."

Art. 489c V.A.P.C. reads in part:

"Sec. 1. It shall be unlawful for any person who has been convicted of burglary or robbery, or of a felony involving an act of violence with a firearm under the laws of the United States or of the State of Texas, or of any other state, and who has served a term in the penitentiary for such conviction, to have in his possession away from the premises upon which he lives any pistol, revolver or any other firearm capable of being concealed upon the person."

"Sec. 2. Anyone violating any of the provisions of this Act shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the penitentiary for not less than one (1) nor more than five (5) years."

"Sec. 4. The penal provisions of this Act shall not apply to any person commissioned as a peace officer, employed as a guard or watchman nor to any person who has not been convicted of a penal offense during the five-year period next immediately following his discharge or release from the penitentiary."

Art. 489c V.A.C.C.P. is a special statute which, as an element of the offense, requires proof of a prior conviction for burglary, robbery or a felony involving an act of violence with a firearm, and proof that the person so convicted after serving a term in the penitentiary and being released, had in his possession away from the premises upon which he lived, a pistol, revolver or other firearm capable of being concealed upon the person.

Section 4 attempts to limit the time within which a person

may be convicted for such offense to the period of five years following his release from prison.

The indictment alleged that appellant had been convicted of burglary on January 21, 1953, in Cause No. 52394, in Criminal District Court of Tarrant County. The same conviction for burglary was pleaded for enhancement of punishment under Art. 63 P.C.

Having been alleged as an element of the offense charged in order to secure the punishment provided in Art. 489c V.A. P.C., it was not available and could not be used to further enhance the punishment under Art. 63 P.C.

The judgment is reversed and the cause remanded.

DAVIDSON, Judge. (concurring in part and dissenting in part)

I concur in the reveral of this case for the reasons stated by the court, but I do not agree that a case of guilt is made under the statute by proof, merely, that a convict is found in possession of a pistol away from the premises where he lives, within five years from his discharge from the penitentiary— which the court holds to be the proper construction to be given to the statute.

Such holding gives no effect to that provision of Sec. 4 of Art. 489c. Vernon's P. C., which says that:

"The penal provisions of this Act shall not apply to any person * * * who has not been convicted of a penal offense during the five-year period next immediately following his discharge or release from the penitentiary."

Such exemption, written as a double negative, has the positive meaning and must be given the construction that no convict may be convicted under the act for carrying a pistol unless he has been convicted of a penal offense within five years following his discharge from the penitentiary.

It is clear, then, that to sustain a conviction under the statute the state must prove: (a) the prior conviction for a felony, (b) the discharge of the convict after serving his sentence, (c) his conviction for a penal offense during the five-

year period following his discharge, and (d) thereafter and within the five-year period after his discharge the convict had in his possession a pistol, away from the premises upon which he lived.

There must be two prior convictions proven: one for the felony and the other for any penal offense, misdemeanor or felony, following discharge from the penitentiary. Such are the requirements the legislature has written into the statute, and the courts have no right to rewrite, amend, or change that statute or to authorize a conviction upon facts fewer than those reqiured under the statute.

### ON STATE'S MOTION FOR REHEARING

MORRISON, Presiding Judge.

Edwards v. State, 166 Tex. Cr. Rep. 301, 313 S. W. 2d 618; Parasco v. State, 165 Tex. Cr. Rep. 547, 309 S. W. 2d 465; Granado v. State, 168 Tex. Cr. Rep. 525, 329 S. W. 2d 864, and Fletcher v. State, No. 31,563, (page 506 this volume) 335 S. W. 2d 613, support the holding in our original opinion that a prior conviction is not available to enhance punishment for an offense of which it is an essential element.

We are not to be understood as holding that in prosecutions under Article 489c, V.A.P.C., the state is precluded from using felony convictions other than the one alleged as an element of the offense to secure an enhancement of punishment under Article 63, V.A.P.C.

The state's motion for rehearing is overruled.