Eugene Gasper KLECHKA, Appellant,

v.

The STATE of Texas, Appellee.

No. 37101.

Court of Criminal Appeals of Texas.

June 27, 1964.

No attorney of record on appeal.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Daniel P. Ryan, Jr., Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is unlawful possession of a firearm after being convicted of a felony; the punishment, one year.

There are neither formal nor informal bills of exception in the record, and there were no objections to the court's charge. It was stipulated that appellant had previously been convicted of the offense of burglary on a date which was less than five years prior to the date charged in this indictment.

Officer Campbell of the Houston Police Department testified that he and his partner noticed an automobile "spinning its tires" and followed it as it made several turns at street intersections. Two persons were riding in the automobile and as the second turn was made, the appellant, who was riding on the passenger side, drew his arm back and threw a pistol out of the window. The automobile was stopped, and the pistol was recovered.

The appellant was charged under Article 489c Vernon's Ann.P.C. which provides in part that "It shall be unlawful for any person who has been convicted of burglary * * * and who has served a term in the penitentiary for such conviction, to have in his possession away from the premises upon which he lives any pistol, revolver or any other firearms capable of being concealed on the person."

Those cases in which it was held that under Article 483 V.A.P.C. the momentary holding of a pistol did not constitute carrying on or about the person are not here applicable as Article 489c provides that the firearm need only be "in his possession." We find the evidence sufficient to prove that appellant had the pistol in his possession. See Spriggins v. State, Tex.Cr.App., 372 S.W.2d 676, and Sutton v. State, 170 Tex. Cr.R. 617, 343 S.W.2d 452.

No reversible error appearing, the judgment is affirmed.