Lindell Ray McCOLLUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 42106.

Court of Criminal Appeals of Texas.

May 28, 1969.

Charles W. Fairweather, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John B. Reese, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is the felony offense of possession of a pistol away from the premises upon which he lives by an ex-convict; the punishment, three years.

The two contentions presented by brief and in argument will be discussed together. The first is that the evidence is insufficient to show that appellant possessed the pistol "away from the premises upon which he lives" as denounced by Article 489c, Vernon's Ann.P.C. The second is that the Court erred in failing to charge on the law of circumstantial evidence.

Police officers testified that on the night in question they observed an automobile run a red light and then speed up and that they gave chase. Soon the automobile came to a halt and its occupants fled. Officer Parrish pursued the appellant on foot and did not loose sight of him until he effected the arrest. Officer Mann pursued the men in the patrol car. Evidently appellant did not think that an officer had remained at the scene of the abandoned automobile because when Officer Mann passed him in the patrol car he reversed the course of his flight and ran "back down the alley right back to where he had started," and shortly before Parrish reached him appellant pulled a pistol out of his pocket and threw it on the ground.

Appellant's contention that the spot where appellant threw the pistol was someone's private property rendered the evidence insufficient to sustain the conviction or required a charge on circumstantial evidence has been considered and is over-

ruled. When the appellant had the pistol in his pocket as he ran down the alley, he was "away from the premises upon which he lives."

Finding the evidence sufficient to sustain this conviction and finding no reversible error, the judgment is affirmed.