Sam John MENA, Appellant,

v.

The STATE of Texas, Appellee.

No. 47220.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

Dalton Gandy (court appointed) Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin D. Snodgrass, Clint D. Starr and Howard M. Fender, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for possessing away from the premises upon which he lived a pistol with barrel less than twelve inches in length, and that prior thereto he had been convicted of a felony involving violence, to-wit, robbery, under the terms of Art. 489c, Vernon's Ann.P.C.; his punishment was enhanced under Art. 63, V.A.P.C., to life because of two other prior felony convictions.

A murder charge was filed by complaint and affidavit in Nueces County, and a warrant issued for the arrest of appellant on September 16, 1971. Appellant was stopped while driving on a public street in Tarrant County, and arrested by four peace officers, at least one of which was a Tarrant County officer and another of which was from Nueces County and armed with the arrest warrant. Appellant was accompanied by his wife and their seven year old child. The record reflects that

the officers had reason to believe that appellant was armed and dangerous.

One of the arresting officers asked appellant where his gun was and appellant told them it was in the car under the floor mat. The officer then looked under the floor mat underneath the driver's portion in front of the front seat and recovered the pistol which was introduced into evidence at the trial.

Appellant and his wife asserted ownership rights in the car in which they were riding at the time of arrest. Papers found in appellant's pockets confirmed this claim and Mrs. Mena was permitted to drive the car away and appellant was taken to the Tarrant County jail.

Ground of error number one presented by appellant asserts that the pistol on which this prosecution was predicated was unlawfully seized because the murder warrant on which appellant was then arrested was issued upon an insufficient complaint which did not show probable cause.

Mapp v. Ohio, 467 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, is cited for the rule excluding evidence unlawfully obtained.

The affidavit in question filed with the magistrate in Nueces County upon which the arrest warrant was issued reads as follows:

"THE STATE OF TEXAS

"COUNTY OF NUECES

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

"BEFORE ME, the undersigned authority, on this day personally appeared Floyd Graham who, after being duly sworn, on oath deposes and says that he has good reason to believe and does believe that heretofore, to-wit, on or about the 1st day of August A.D.1971, and anterior to the filing of this complaint, in the County of Nueces and State of Texas, Odis Thomas Hammond and Sam Mena did then and there unlawfully, voluntarily, and with malice aforethought, kill William Richardson by shooting him with a gun.

Complainant has probable cause for his above stated belief for the following reasons: Complainant has in his possession a sworn statement from Mary Chavez of 2750 Johanna Street, Apt. C, (the victim's maid), stating that she was at the residence of the victim on the above date and heard gunshots, and that immediately before she heard the shots, she saw two men outside with guns. Shortly thereafter the victim was found dead outside the house, the said Mary Chavez states, and she also says she saw the victim fall. The sworn statement further states that on this date the witness picked the two above named defendants' photographs from several placed in front of her, identifying them as the two above referred to people she saw with the guns. Complainant states that he was present at such identification proceeding and saw the witness Chavez pick out the Defendants' photographs.

against the peace and dignity of the State.

"/s/ Floyd Graham

"Sworn to and subscribed before me by the said Floyd Graham on this the 16th day of September, A.D.1971.

"/s/ Phil Westinger
Assistant Dist. Attorney,
Nueces County, Texas"

■ The complaint shows on its face probable cause for the issuance of the arrest warrant. Appellant's objection on the grounds that it is "hearsay" is frivolous. Appellant relies on Whitely v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306, to support his position. *Whitely*, supra, is an extension of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, both cited in appellant's brief.

In *Aguilar, supra,* the following appears at 378 U.S. 114, 84 S.Ct. 1514:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, . . ."

In *Spinelli, supra,* this is confirmed when the following appears at 393 U.S. 412, 89 S.Ct. 587:

"In *Aguilar,* a search warrant had issued upon an affidavit of police officers who swore only that they had 'received reliable information from a credible person and do believe' that narcotics were being illegally stored on the described premises. *While recognizing that the constitutional requirement of probable cause can be satisfied by hearsay information,* this Court held the affidavit inadequate for two reasons . . . ." (emphasis added)

In the instant cause the officer seeking the arrest warrant submitted for the consideration of the magistrate factual information from the sworn statement of an eyewitness to those facts plus the information that the eyewitness picked out the "mug shot" of the suspect in the presence of the officer. And the officer furnished the information as to why the witness was in a position to observe what she did (i. e., maid in the household of the deceased) and furnished her name so that she could be tested as to reliability.

The cases cited by appellant above referred to involved information given by an unnamed informer, whose credibility the magistrate could not test nor ascertain. Here the housemaid of the victim was named and her address given. Additionally, she had sworn to the facts related by her to the officer and the magistrate was so informed in the complaint. Her oath supplied the essential element of credibility required by the second prong of *Aguilar.*

In the concurring opinion of Mr. Justice White in *Spinelli,* we find this language:

"The oath affirms the honesty of the statement and negatives the lie or imagination."

See also the concurring opinion of Presiding Judge Onion in Ruiz v. State, Tex. Cr.App., 457 S.W.2d 894.

The information contained in the complaint was obtained from a named person who gave direct knowledge, hence was not mere rumor or conjecture. This was sufficient. Frazier v. State, 480 S.W.2d 375, and many cases cited therein.

Likewise, the affidavit in Lowery v. State, Tex.Cr.App., 499 S.W.2d 160, cited by appellant, was based upon the unsworn tip of an anonymous informer and was held not to comply with either of the requirements of *Aguilar.* We do not deem this case to aid the contention of appellant.

Having concluded that the arrest warrant for appellant was issued upon a complaint which disclosed probable cause to the magistrate, we hold that the seizure of the pistol was lawful in connection with the arrest, and overrule ground of error number one.

By his ground of error number two, appellant challenges the sufficiency of the evidence to show that the pistol was in his possession.

When the appellant was arrested under the murder warrant, he was driving the automobile, in which were also his wife and seven year old son. Appellant asserted ownership of the car. When asked by the arresting officer where his gun was, he promptly directed the officer to the gun under the loose floor mat immediately underneath where he was sitting while driving. While his wife was on the stand testifying for appellant, she was asked about the pistol and denied that it was hers or that she had seen it before, and she testified that it was not her boy's pistol.

We deem the evidence sufficient to show appellant's possession of the pistol. Curry v. State, Tex.Cr.App., 465 S.W.2d 154; McCollum v. State, Tex.Cr.App., 441 S.W. 2d 534; Klechka v. State, Tex.Cr.App., 380 S.W.2d 618; Boykin v. State, 172 Tex.Cr. R. 652, 362 S.W.2d 328. See also Webb v. State, Tex.Cr.App., 439 S.W.2d 342.

Ground of error number three contends that there was no evidence to show that the prior felony conviction of robbery involved an act of violence, and hence the offense for which appellant was convicted was not shown to be a felony as denounced by Art. 489c, V.A.P.C.

Art. 489c, V.A.P.C., provides:

"No person who has been convicted of a felony involving an act of violence may possess away from the premises upon which he lives a prohibited weapon, or a firearm having a barrel of less than 12 inches in length,"

and that the punishment shall be not less than two nor more than 10 years imprisonment.

It was shown that appellant was indicted in Dallas County for robbery with firearms, which offense occurred on February 28, 1965. Upon written motion of the district attorney, the firearms allegation was dismissed, and on April 4, 1966, appellant waived trial by jury and plead guilty to the offense of robbery as charged in the indictment, and was sentenced to six years. The indictment was not introduced in evidence.

In Polk v. State, 157 Tex.Cr.R. 75, 246 S.W.2d 879, this Court said:

"In Van Arsdale v. State, 149 Tex.Cr.R. 639, 198 S.W.2d 270, we had occasion to point out that a distinction between robbery and theft from the person lies in the fact that in robbery there must exist the actual or threatened violence to the person antecedent to the robbery, which is not true of theft from the person."

We hold that robbery as denounced by Art. 489c, V.A.P.C., is a felony "involving" an act of violence, and overrule ground of error number three.

By ground of error number four, appellant contends the punishment for the felony denounced by Art. 489c, V.A.P.C., under which he was convicted cannot be enhanced under Art. 63, V.A.P.C.

The offense of robbery was used herein to ripen the carrying of a pistol into a felony. In addition thereto, the indictment alleged and the proof showed two other prior felony convictions, in proper sequence, one for burglary of a private residence at night and another for passing a forged instrument. This was permissible.

In Garcia v. State, 169 Tex.Cr.R. 138, 335 S.W.2d 381, speaking for this Court, Presiding Judge Morrison wrote:

"We are not to be understood as holding that in prosecutions under Article 489c, Vernon's Ann.P.C., the State is precluded from using felony convictions other than the one alleged as an element of the offense to secure an enhancement of punishment under Art. 63, V.A.P.C."

Ground of error number four is overruled.

Appellant in his grounds of error numbers five and six seeks a reversal because of alleged improper argument of the district attorney.

We are not entirely convinced that the argument in either instance was not proper. Nevertheless, the cautious trial judge sustained objections in both instances and instructed the jury not to consider such arguments. We are constrained to believe that such instructions fully cured the possible errors, and overrule these contentions.

See the many cases annotated in 12 Texas Digest, Criminal Law, Key No. 730(1).

For the same reason we overrule ground of error number seven, wherein appellant contends for reversal because one of the officers was asked, in connection with his search for the pistol, if he knew of the reputation of appellant. The question did not imply the quality of the reputation, was not answered, and the court promptly sustained an objection and instructed the jury not to consider it. Reversal is not shown to be required.

Finally, in his ground of error number eight, appellant contends that the punishment was improperly enhanced because the robbery conviction in Dallas County occurred on April 4, 1966, and the burglary of a private residence at night conviction in Dallas County also occurred on April 4, 1966. He argues that convictions occurring on the same date cannot be used to enhance punishment under Art. 63, V.A.P.C. He cites Gammill v. State, 135 Tex.Cr.R. 52, 117 S.W.2d 790; Ex parte Huff, Tex.Cr.App., 316 S.W.2d 896; Ex parte Atkinson, Tex.Cr.App., 288 S.W.2d 89; and Mullins v. State, 409 S.W.2d 869.

We do not disagree with the holdings in these cases, but they do not apply here. The robbery conviction was alleged and proved as an element of the offense charged; that is, a violation of Article 489c. The possession of the pistol would not have been a felony without proof of the robbery conviction. Following proof of this offense, proof of the two prior convictions was made to enhance the punishment under Art. 63, V.A.P.C. The offense of carrying a pistol, a felony because of the prior conviction for robbery, occurred on September 20, 1971. This was the primary offense for which appellant was convicted herein.

The record shows that he was convicted of knowingly passing a forged instrument as true on October 17, 1963, which was proof that the offense was committed prior to that date. Loud v. State, Tex.Sup., 499 S.W.2d 295. See Dodty v. State, Tex.Cr.App., 493 S.W.2d 787.

On April 4, 1966, appellant was convicted of burglary of a private residence at night, which occurred on February 23, 1965, subsequent to the previous conviction for passing a forged instrument. These facts were sufficient to invoke Art. 63, V. A.P.C. Although the convictions for robbery and burglary of a private residence at night occurred on the same day, the offenses were not on the same day, nor were they shown to be connected in any way, nor were they used for the same purpose herein.

We refer to two decisions of this Court relating to the subject at hand.

In Garcia v. State, 169 Tex.Cr.R. 487, 335 S.W.2d 381, heretofore cited, Garcia was convicted of having in his possession a pistol in violation of Art. 489c, V.A.P.C., because of his prior conviction for burglary. For enhancement of punishment, the indictment alleged a prior conviction for felony theft and also alleged the same burglary conviction alleged in charging the primary offense.

The Court said:

"Having been alleged as an element of the offense charged in order to secure the punishment provided in Art. 489C, V.A.P.C., it was not available and could not be used to further enhance the punishment under Art. 63, Vernon's Ann.P. C."

In Ex parte McLane, 417 S.W.2d 405, relator was prosecuted for unlawfully possessing a pistol, which was a felony by reason of his prior conviction for robbery (Art. 489c, V.A.P.C.). He was convicted on this same day for two separate robberies committed on the same day. One of them was used to make the pistol case a felony under Art. 489c, supra. He contended that the other robbery conviction could not be used to enhance punishment. This Court rejected that contention, and held that the other robbery conviction could be used for enhancement (Art. 62, V.A.P.C.).

Here we have a prior robbery conviction used as an element of the offense denounced by Art. 489c, this being the primary offense. In addition, it was alleged and proved that appellant had been convicted, in proper sequence, of two other prior felonies. This was proper.

We overrule ground of error number eight.

We have also considered the pro se briefs of appellant and find them to be without merit.

We find no reversible error and affirm the judgment.

Opinion approved by the Court.