**Billy Eugene SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55943.**

Court of Criminal Appeals of Texas, Panel 1.

Oct. 11, 1978.

**894**

Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John Tatum, Bob Whaley .and Bob Flynn, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for unlawful possession of a firearm by a felon, V.T.C.A., Penal Code Sec. 46.05; punishment, enhanced by proof of two prior felony convictions, was set at life.

In seven grounds of error appellant raises issues challenging the sufficiency of the evidence, the jury instructions, admission of a statement, and denial of his motion to quash the indictment.

V.T.C.A., Penal Code Sec. 46.05(a) provides:

"A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives."

V.T.C.A., Penal Code Sec. 46.01(3) provides:

" 'Firearm' means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. Firearm does not include antique or curio firearms that were manufactured prior to 1899 and that may have, as an integral part, a folding knife blade or other characteristics of weapons made illegal by this chapter."

■ The indictment alleged, inter alia, that appellant possessed a handgun away from the premises where he lived and that he had been convicted of robbery by assault, a felony involving an act of violence and threatened violence against a person. Appellant contends the evidence is insufficient to show the handgun was not manufactured before 1899, and to show his robbery by assault involved an act of violence or threatened violence against a person.

The handgun possessed by appellant was introduced at trial. The terms of Sec. 46.01 quoted above exclude from the definition of "firearm" those *antique* or *curio* firearms manufactured before 1899; it does not automatically exclude all firearms made before that date. The jury was instructed on the law and had the weapon before them. Mere failure of the proof to show the date of manufacture does not render the evidence insufficient.

The records of appellant's robbery conviction were introduced. Robbery by assault is a felony involving violence or threatened violence against a person as a matter of law. Art. 1408, V.A.P.C. (1925). It was not necessary for the state to present evidence regarding the circumstances of the commission of the offense. Cf. *Mena v. State,* Tex.Cr.App., 504 S.W.2d 410, 414. Contrast with *Tew v. State,* Tex.Cr.App., 551 S.W.2d 375.

These grounds of error are overruled.

■ The court overruled these objections to the charge to the jury:

"Defendant objects to that part of the charge instructing the jury that robbery by assault is a felony involving an act of violence in that such is a comment on the weight of the evidence and amounts to an instructed verdict on an element of the offense alleged."

"Defendant objects to the failure of the court to instruct the jury that a finding that both paragraphs two and three are true will result in the court assessing, as required by law, a sentence of life in the Texas Department of Corrections."

The court's instruction that robbery by assault is a felony involving an act of violence or threatened violence to a person was not a comment on the weight of the evidence. The instruction was correct in that robbery by assault is such an offense as a matter of law. See the discussion above on the sufficiency of the evidence on this issue, and compare with *Mena v. State* and *Tew v. State,* supra.

Appellant acknowledges that his second objection to the charge takes a position contrary to the established law in this jurisdiction. See, *Thomas v. State,* Tex.Cr.App., 543 S.W.2d 645. We decline appellant's invitation to reconsider this rule.

■ Appellant challenges the admission of his statement made to police officers shortly after he was arrested. Appellant was seen firing a pistol in the parking lot of a convenience store. The police were summoned and arrived as appellant fled. He was cornered in a dead end alley and ordered to throw out his gun and come out with his hands up. When he walked out with his hands in the air he was frisked and no weapon was found. The arresting officers asked appellant where his gun was, and he replied it was behind the box in the alley. Appellant was under arrest at this time and had not been given his *Miranda*[1] warnings. The statement was a direct and responsive answer to the officer's question. The statement should have been excluded from evidence. *Smith v. State,* Tex.Cr. App., 507 S.W.2d 779. The error, however, is harmless beyond a reasonable doubt. Two witnesses who observed appellant's possession of the gun before the officers arrived at the scene so testified at trial, and the gun itself was admitted without objection. The grounds of error are overruled.

■ Finally, appellant contends his motion to quash the indictment should have been granted. He challenged the sufficiency of the description of the gun he possessed as a "handgun." The motion to quash asserted that under Art. 21.09, V.A.C. C.P., the property should be described by name, kind, number and ownership. The motion did not allege that the description was insufficient to give him adequate notice, e. g., on the issue of whether the gun was an "antique or curio . . . manufactured prior to 1899." (Sec. 46.01(3), supra). Cf. *Drumm v. State,* Tex.Cr.App., 560 S.W.2d 944. Inasmuch as complaint was based on Art. 21.09, supra, the court did not err in overruling the motion to quash. *Welch v. State,* Tex.Cr.App., 543 S.W.2d 378, 379–380.

The ground of error is overruled.

The judgment is affirmed.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.