**Jimmy Wade HAMILTON, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–83–115–CR.

Court of Appeals of Texas, Eastland.

Sept. 15, 1983.

Review Granted Feb. 29, 1984.

James A. Johnston, Johnston & Larson, Dallas, for appellant.

Tommy W. Wallace, Criminal Dist. Atty., Canton, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a conviction by a jury for unlawful possession of a firearm by a felon. TEX. PENAL CODE ANN. sec. 46.05 (Vernon 1974). The jury assessed punishment at six years in the Texas Department of Corrections following a verdict of guilty. We reverse and reform to show an acquittal.

The sufficiency of the evidence to prove possession of the firearm is not challenged. Appellant's sole ground of error challenges the sufficiency of the evidence to support a conviction, claiming that there is no proof appellant had been previously convicted of a felony involving an act of violence to property.

TEX. PENAL CODE ANN. sec. 46.05 (Vernon 1974) provides in part:

A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

Although Section 46.05, supra, authorizes conviction for threatened violence, only actual violence to property was alleged in the indictment. The State proved by pen packet appellant's prior felony conviction for arson. The arson indictment alleges appellant did "intentionally and knowingly start a fire in a building ... with intent to damage and destroy said building." The conviction records in the pen packet do not indicate the building was actually harmed, nor did the State offer additional evidence as to the circumstances surrounding commission of the prior offense.

Appellant contends that by failing to offer evidence of actual harm to the building, the State failed to prove the arson offense involved an act of violence to property, as alleged in the indictment. Thus, appellant argues, the evidence is insufficient to support the conviction because the State has failed to prove the essential element of violence to property.

The State urges that the offense of arson should be held to be in the same category of offenses such as that of robbery by assault, which is a felony involving violence or threatened violence as a matter of law. If an offense involves an act of violence or threatened violence as a matter of law, it is sufficient to introduce records of a defendant's prior felony conviction without presenting evidence as to the circumstances surrounding the commission of that offense. *Scott v. State,* 571 S.W.2d 893 (Tex.Cr.App.1978).

Not all felonies, however, involve an act of violence or threatened violence as a matter of law. For instance, rape is not violent per se. *Ex parte Eldridge,* 572 S.W.2d 716 (Tex.Cr.App.1978). Burglary is another such offense. *Tew v. State,* 551 S.W.2d 375 (Tex.Cr.App.1977).

If a felony offense is not an act of violence per se, the determination of whether it is within the scope of Section 46.05, supra, must depend on the facts and cir-

cumstances of each case. *Schutz v. State,* 646 S.W.2d 224 (Tex.Cr.App.1983); *Powell v. State,* 538 S.W.2d 617 (Tex.Cr.App.1976), *cert. denied,* 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298 (1976). The State must prove the offense involved an act of violence or threatened violence by offering evidence as to the circumstances surrounding the offense. Again, we note that in the instant case there is no allegation of "threatened violence" to property contained in the indictment.

■ Robbery was held to be an act of violence or threatened violence as a matter of law in *Mena v. State,* 504 S.W.2d 410 (Tex.Cr.App.1974). The rationale was the distinction between robbery and theft, in that for robbery, the existence of actual or threatened violence to a person is a specific element of robbery under TEX. PENAL CODE ANN. sec. 29.02 (Vernon 1974). Thus, proving a conviction for robbery would per se establish the prior felony offense involved "an act of violence or threatened violence to a person or property" as required under Section 46.05, supra. In contrast, the elements of arson under TEX. PENAL CODE ANN. sec. 28.02 (Vernon 1974) [1] do not require harm or threatened harm to the property. See Searcy and Patterson, Practice Commentary, Section 28.02, supra. The offense of arson is complete when the actor starts a fire with the intent to destroy or damage the building, whether or not damage of any kind actually occurs. *Beltran v. State,* 593 S.W.2d 688 (Tex.Cr.App.1980); *Romo v. State,* 593 S.W.2d 690 (Tex.Cr.App.1980).

■ In light of the Practice Commentary and decisions interpreting the statute that no harm to property is required for arson, we cannot say that an arson conviction without evidence of circumstances surrounding the offense is violence to property as a matter of law.

■ The State alleged the prior conviction was an act of violence to property

rather than threatened violence, but the conviction records do not indicate any harm to the building. By failing to offer additional evidence as to property harm, the State failed to prove the element of violence to property as required for the offense charged. Therefore, we hold the evidence was insufficient to support the conviction.

The judgment is reversed and reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

DICKENSON, Justice, dissenting.

I respectfully dissent. I would hold that proof of a prior conviction for arson is sufficient, as a matter of law, to show "a felony involving an act of violence or threatened violence to a person or property" in a prosecution under TEX. PENAL CODE ANN. sec. 46.05 (Vernon 1974).

We know that "burglary does not per se involve violence." *Schutz v. State,* 646 S.W.2d 224 (Tex.Cr.App.1983); *Tew v. State,* 551 S.W.2d 375 (Tex.Cr.App.1977). We also know that rape "can be committed with or without violence or threats of violence." *Ex parte Eldridge,* 572 S.W.2d 716 (Tex.Cr.App.1978). This court has held that involuntary manslaughter is not a felony involving violence or a threat of violence to a person "as a matter of law." *Ware v. State,* 677 S.W.2d 546 (Tex.App.—Eastland 1983, pet'n filed).

I am convinced that arson involves violence or threatened violence to property as a matter of law, just as robbery by assault involves violence or threatened violence to a person "as a matter of law." See *Scott v. State,* 571 S.W.2d 893 (Tex.Cr.App.1978).

I would affirm the judgment of the trial court.

---

**1.** Appellant committed the prior offense in 1978, prior to the present amendments to the arson    statute.