NO. 07-07-0067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO
 
PANEL A

JANUARY 8, 2008
______________________________

TERRELL ZEBADHAL THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-200790; HONORABLE JULIE H. KOCUREK, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Terrell Zebadhal Thomas, appeals his conviction for the offense of
unlawful possession of a firearm by a felon, enhanced by two prior felony convictions, and
sentence to 20 years confinement in the Institutional Division of the Texas Department of
Criminal Justice. On appeal, appellant raises the single issue that the same prior
conviction was used both as an element of the offense and as an enhancement of
punishment. We affirm.
 
Background
          The indictment against appellant alleges that he possessed a firearm before the fifth
anniversary of his release from confinement in prison for the felony offense of assault of
a public servant. The assault of a public servant conviction was also identified as a prior
felony conviction in the first paragraph of the enhancement portion of the indictment. The
indictment further alleges a second prior felony conviction as an enhancement of the
indictment. 
          Following a trial on the merits, a jury convicted the appellant of the primary offense
of unlawful possession of a firearm by a felon. Appellant went to the trial court for
punishment and entered a plea of “Not True” to both enhancement paragraphs. After
hearing the evidence, the trial court found that both allegations were true and sentenced
appellant to 20 years confinement.
Analysis
          Appellant correctly points out that the same prior conviction may not be used to
prove both an element of an offense and an enhancement allegation contained in the
same indictment. See Ramirez v. State, 527 S.W.2d 542, 544 (Tex.Crim.App. 1975);
Garcia v. State, 169 Tex.Crim. 487, 335 S.W.2d 381, 382 (1960). This became known as
the “Garcia-Ramirez” rule and was subsequently reaffirmed after the passage of the Texas
Penal Code. See Wisdom v. State, 708 S.W.2d 840, 845 (Tex.Crim.App. 1986).
          However, before we can analyze the effect of any error committed by the trial court,
the issue of preservation of error must be examined. To preserve an issue for appellate
review, the complaining party must make a timely objection to the trial court that properly
states the specific grounds for the desired ruling, if they are not apparent from the context
of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Butler v. State, 872 S.W.2d
227, 236 (Tex.Crim.App. 1994); Adams v. State, 179 S.W.3d 161, 164 (Tex.App.–Amarillo
2005, no pet.). Preservation of an objection to the indictment must be raised prior to trial
or the same is waived. See Teal v. State, 230 S.W.3d 172, 176-77 (Tex.Crim.App. 2007). 
 Preservation of error is a systemic requirement that a first-level appellate court should
review on its own motion. See Jones v. State, 942 S.W.2d 1, 2 (Tex.Crim.App. 1997);
Hughes v. State, 878 S.W.2d 142, 151 (Tex.Crim.App. 1992) (op. on reh’g). 
          The record of the trial reveals that there was no objection nor motion to quash the
indictment claiming that the indictment impermissibly allowed the State to plead the same
prior felony conviction as an element of the offense and for purposes of enhancement. 
Further, no objection was made by appellant at the time the evidence of the prior felony
conviction was offered for purposes of enhancement of punishment. Having found no
objection of any type, the issue is waived and there is nothing for review. Butler, 872
S.W.2d at 236.



Conclusion
          Having determined that there was no error preserved, we affirm the judgment of the
trial court.
 
 
                                                                           Mackey K. Hancock

                                                                                    Justice

 



 



Pirtle, J., concurring. 















Do not publish. 




NO. 07-07-0067-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO

 

PANEL A



JANUARY 8, 2008



______________________________



TERRELL ZEBADHAL THOMAS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE

_________________________________





FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY;



NO. D-1-DC-06-200790; HONORABLE JULIE H. KOCUREK, JUDGE



_______________________________





Before CAMPBELL and HANCOCK and PIRTLE, JJ.
CONCURRING OPINION
          I agree with the majority’s conclusion that the indictment incorrectly attempts to
enhance the range of punishment for the third-degree felony offense of unlawful
possession of a firearm by a felon because a prior conviction may not be used to prove
both an element of an offense and an enhancement allegation. See Garcia v. State, 169
Tex.Crim. 487, 335 S.W.2d 381, 382 (1960); Ramirez v. State, 527 S.W.2d 542, 544
(Tex.Crim.App. 1975). I respectfully disagree, however, with the application of the
doctrines of preservation of error and waiver in this situation. Notwithstanding that
difference, we reach the same conclusion that the judgment of the trial court should be
affirmed. 
          In Ramirez, the Court of Criminal Appeals held that, not withstanding the absence
of an objection in the trial court, an indictment purporting to use the same prior conviction
for enhancement that was alleged as an element of the primary offense of unlawful
possession of a firearm by a felon was “fundamentally defective, and we should and will
consider its deficiency in the interest of justice.” Ramirez, 527 S.W.2d at 544. The
assessment of punishment in accordance with the provisions of the Texas Penal Code is
a systemic or absolute requirement in any case and an appellant is entitled to complain on
appeal that such a requirement was violated, even if he fails to preserve error through a
timely and proper objection. Bessey v. State, ___S.W.3d___, No. PD-1401-06, 2007 WL
3375411, at *2 (Tex.Crim.App. Nov. 14, 2007); Mendez v. State, 138 S.W.3d 334, 340
(Tex.Crim.App. 2004).
          A nonconstitutional error, defect, irregularity, or variance that does not affect a
substantial right must be disregarded. See Tex. R. App. P. 44.2(b). A substantial right is
affected when the error has a substantial and injurious effect or influence on the verdict. 
Johnson v. State, 43 S.W.3d 1, 4 (Tex.Crim.App. 2001). In determining whether the error
had a substantial and injurious effect on the verdict we must examine the entire record. 
Schutz v. State, 63 S.W.3d 442, 444 (Tex.Crim.App. 2001). Furthermore, a “structural
error” is not subject to a harmless-error analysis. Mendez, 138 S.W.3d at 339. Not every
error affecting a systemic or absolute right is a structural error. A structural error is a
“defect affecting the framework within which the trial proceeds, rather than simply an error
in the trial process itself.” Id. at 340. Use of a prior conviction as both an element of an
offense and as an enhancement allegation is simply an error in the trial process, it is not
a structural error and as such it is subject to a harmless-error analysis.
           Here, Appellant was prosecuted for the offense of unlawful possession of a firearm
by a felon, a third degree felony.


 The indictment alleged two prior felonies as
enhancements pursuant to § 12.42(a)(3) of the Texas Penal Code, making the offense
punishable as a second degree felony.


 The judgment reflects that Appellant was
adjudicated guilty of a second degree offense, with a finding of true as to both the “1st
Enhancement Paragraph” and the “2nd Enhancement/Habitual Paragraph,” and assessed
punishment at confinement for a term of 20 years. 
          The conviction alleged as both an element of the offense and as an enhancement
was superfluous to a determination of the appropriate range of punishment. From the
judgment we can determine that the trial court thought that it was assessing punishment
for an offense punishable as a second degree felony. Furthermore, this is not a situation
where the trial court considered something that it should not have considered. Both prior
convictions were properly before the court for consideration in assessing punishment. The
punishment assessed was within the appropriate range of punishment. Therefore, based
upon the record, I have a fair assurance that the error did not have a substantial and
injurious influence on the punishment assessed by the trial court and I conclude that the
error was harmless. See Tex. R. App. P. 44.2(b); Solomon v. State, 49 S.W.3d 356, 365
(Tex.Crim.App.2001). Accordingly, I too would affirm. 


                                                                           Patrick A. Pirtle

                                                                                 Justice







Do not publish.