NO. 07-07-0067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 8, 2008

______________________________

TERRELL ZEBADHAL THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 390
TH
 DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-200790; HONORABLE JULIE H. KOCUREK, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

CONCURRING OPINION

I agree with the majority’s conclusion that the indictment incorrectly attempts to enhance the range of punishment for the third-degree felony offense of unlawful possession of a firearm by a felon because a prior conviction may not be used to prove both an element of an offense and an enhancement allegation.  
See Garcia v. State, 
169 Tex.Crim. 487, 335 S.W.2d 381, 382 (1960); 
Ramirez v. State,
 527 S.W.2d 542, 544 (Tex.Crim.App. 1975).  I respectfully disagree, however, with the application of the doctrines of preservation of error and waiver in this situation.  Notwithstanding that difference, we reach the same conclusion that the judgment of the trial court should be affirmed. 

In 
Ramirez,
 the Court of Criminal Appeals held that, not withstanding the absence of an objection in the trial court, an indictment purporting to use the same prior conviction for enhancement that was alleged as an element of the primary offense of unlawful possession of a firearm by a felon was “fundamentally defective, and we should and will consider its deficiency in the interest of justice.”  
Ramirez
, 527 S.W.2d at 544.  The assessment of punishment in accordance with the provisions of the Texas Penal Code is a systemic or absolute requirement in any case and an appellant is entitled to complain on appeal that such a requirement was violated, even if he fails to preserve error through a timely and proper objection. 
 
Bessey v. State, 
___S.W.3d___, No. PD-1401-06, 2007 WL 3375411, at *2 (Tex.Crim.App. Nov. 14, 2007); 
Mendez v. State, 
138 S.W.3d 334, 340 (Tex.Crim.App. 2004).

A nonconstitutional error, defect, irregularity, or variance that does not affect a substantial right must be disregarded.  
See
 Tex. R. App. P. 44.2(b).  A substantial right is affected when the error has a substantial and injurious effect or influence on the verdict.  
Johnson v. State, 
 43 S.W.3d 1, 4 (Tex.Crim.App. 2001).  In determining whether the error had a substantial and injurious effect on the verdict we must examine the entire record.  
Schutz v. State,
 63 S.W.3d 442, 444 (Tex.Crim.App. 2001).  Furthermore, a “structural error” is not subject to a harmless-error analysis.   
Mendez, 
 138 S.W.3d at 339.  Not every error affecting a systemic or absolute right is a structural error.  A structural error is a “defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.”  
Id.  
at 340.  Use of a prior conviction as both an element of an offense and as an enhancement allegation is simply an error in the trial process, it is not a structural error and as such it is subject to a harmless-error analysis.

  
 
   Here, Appellant was prosecuted for the offense of unlawful possession of a firearm by a felon, a third degree felony.
(footnote: 1) The indictment alleged two prior felonies as enhancements pursuant to § 12.42(a)(3) of the Texas Penal Code, making the offense punishable as a second degree felony.
(footnote: 2)  The judgment reflects that Appellant was adjudicated guilty of a second degree offense, with a finding of true as to both the “1
st
 Enhancement Paragraph” and the “2
nd
 Enhancement/Habitual Paragraph,” and assessed punishment at confinement for a term of 20 years.  

The conviction alleged as both an element of the offense and as an enhancement was superfluous to a determination of the appropriate range of punishment.  From the judgment we can determine that the trial court thought that it was assessing punishment for an offense punishable as a second degree felony.  Furthermore, this is not a situation where the trial court considered something that it should not have considered.  Both prior convictions were properly before the court for consideration in assessing punishment.  The punishment assessed was within the appropriate range of punishment.  Therefore, based upon the record, I have a fair assurance that the error did not have a substantial and injurious influence on the punishment assessed by the trial court and I conclude that the error was harmless.  
See
 Tex. R. App. P. 44.2(b); 
Solomon v. State,
 49 S.W.3d 356, 365 (Tex.Crim.App.2001).  Accordingly, I too would affirm. 

Patrick A. Pirtle

      Justice

Do not publish. 

FOOTNOTES
1:
Tex. Penal Code Ann. § 46.04(e).  

2:
A felony offense enhanced by two prior felony convictions is punishable by imprisonment for life, or for any term of not more than 99 years or less than 25 years, if the second previous felony conviction is for an offense that occurred subsequent to the first previous felony conviction having become final.  Tex. Penal Code Ann. § 12.42(d).  A review of the indictment in this case reveals that, although the indictment alleges two prior felony convictions as enhancements, it does not allege the requisite language to bring this offense within the purview of § 12.42(d).  Therefore, even if both prior felony convictions could have been used to enhance the primary conviction, the range of punishment would still have been the punishment range for a second degree felony.  Tex. Penal Code Ann. § 12.42(a)(3).