NO. 07-07-0067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 8, 2008
_____

TERRELL ZEBADHAL THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-200790; HONORABLE JULIE H. KOCUREK, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Terrell Zebadhal Thomas, appeals his conviction for the offense of unlawful possession of a firearm by a felon, enhanced by two prior felony convictions, and sentence to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, appellant raises the single issue that the same prior conviction was used both as an element of the offense and as an enhancement of punishment. We affirm.

Background

The indictment against appellant alleges that he possessed a firearm before the fifth anniversary of his release from confinement in prison for the felony offense of assault of a public servant. The assault of a public servant conviction was also identified as a prior felony conviction in the first paragraph of the enhancement portion of the indictment. The indictment further alleges a second prior felony conviction as an enhancement of the indictment.

Following a trial on the merits, a jury convicted the appellant of the primary offense of unlawful possession of a firearm by a felon. Appellant went to the trial court for punishment and entered a plea of "Not True" to both enhancement paragraphs. After hearing the evidence, the trial court found that both allegations were true and sentenced appellant to 20 years confinement.

Analysis

Appellant correctly points out that the same prior conviction may not be used to prove both an element of an offense and an enhancement allegation contained in the same indictment. See Ramirez v. State, 527 S.W.2d 542, 544 (Tex.Crim.App. 1975); Garcia v. State, 169 Tex.Crim. 487, 335 S.W.2d 381, 382 (1960). This became known as the "Garcia-Ramirez" rule and was subsequently reaffirmed after the passage of the Texas Penal Code. See Wisdom v. State, 708 S.W.2d 840, 845 (Tex.Crim.App. 1986).

2

However, before we can analyze the effect of any error committed by the trial court, the issue of preservation of error must be examined.  To preserve an issue for appellate review, the complaining party must make a timely objection to the trial court that properly states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  TEX. R. APP. P. 33.1(a)(1); Butler v. State, 872 S.W.2d 227, 236 (Tex.Crim.App. 1994); Adams v. State, 179 S.W.3d 161, 164 (Tex.App.–Amarillo 2005, no pet.). Preservation of an objection to the indictment must be raised prior to trial or the same is waived.  See Teal v. State, 230 S.W.3d 172, 176-77 (Tex.Crim.App. 2007).  Preservation of error is a systemic requirement that a first-level appellate court should review on its own motion.  See Jones v. State, 942 S.W.2d 1, 2 (Tex.Crim.App. 1997); Hughes v. State, 878 S.W.2d 142, 151 (Tex.Crim.App. 1992) (op. on reh'g).

The record of the trial reveals that there was no objection nor motion to quash the indictment claiming that the indictment impermissibly allowed the State to plead the same prior felony conviction as an element of the offense and for purposes of enhancement. Further, no objection was made by appellant at the time the evidence of the prior felony conviction was offered for purposes of enhancement of punishment.  Having found no objection of any type, the issue is waived and there is nothing for review. Butler, 872 S.W.2d at 236.[1]

---

[1] Further, we note, appellant has not provided this court with any analysis or briefing regarding why this error should be considered harmful error and, thereby, reversible.  With no analysis or briefing on the subject there is nothing for the court to review.  TEX. R. APP. P. 38.1(h); Vuong v. State, 830 S.W.2d 929, 940 (Tex.Crim.App. 1992); Murchison v. State, 93 S.W.3d 239, 254 (Tex.App.–Houston [14th Dist.] 2002, pet. ref'd).

Conclusion

Having determined that there was no error preserved, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Pirtle, J., concurring.

Do not publish.

4

NO. 07-07-0067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 8, 2008

_____

TERRELL ZEBADHAL THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-200790; HONORABLE JULIE H. KOCUREK, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

I agree with the majority's conclusion that the indictment incorrectly attempts to enhance the range of punishment for the third-degree felony offense of unlawful possession of a firearm by a felon because a prior conviction may not be used to prove both an element of an offense and an enhancement allegation. *See Garcia v. State,* 169 Tex.Crim. 487, 335 S.W.2d 381, 382 (1960); *Ramirez v. State,* 527 S.W.2d 542, 544

5

(Tex.Crim.App. 1975). I respectfully disagree, however, with the application of the doctrines of preservation of error and waiver in this situation. Notwithstanding that difference, we reach the same conclusion that the judgment of the trial court should be affirmed.

In *Ramirez,* the Court of Criminal Appeals held that, not withstanding the absence of an objection in the trial court, an indictment purporting to use the same prior conviction for enhancement that was alleged as an element of the primary offense of unlawful possession of a firearm by a felon was "fundamentally defective, and we should and will consider its deficiency in the interest of justice." *Ramirez,* 527 S.W.2d at 544. The assessment of punishment in accordance with the provisions of the Texas Penal Code is a systemic or absolute requirement in any case and an appellant is entitled to complain on appeal that such a requirement was violated, even if he fails to preserve error through a timely and proper objection. *Bessey v. State,* ___S.W.3d___, No. PD-1401-06, 2007 WL 3375411, at *2 (Tex.Crim.App. Nov. 14, 2007); *Mendez v. State,* 138 S.W.3d 334, 340 (Tex.Crim.App. 2004).

A nonconstitutional error, defect, irregularity, or variance that does not affect a substantial right must be disregarded. *See* Tex. R. App. P. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect or influence on the verdict. *Johnson v. State,* 43 S.W.3d 1, 4 (Tex.Crim.App. 2001). In determining whether the error had a substantial and injurious effect on the verdict we must examine the entire record. *Schutz v. State,* 63 S.W.3d 442, 444 (Tex.Crim.App. 2001). Furthermore, a "structural

6

error" is not subject to a harmless-error analysis. *Mendez,* 138 S.W.3d at 339. Not every error affecting a systemic or absolute right is a structural error. A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* at 340. Use of a prior conviction as both an element of an offense and as an enhancement allegation is simply an error in the trial process, it is not a structural error and as such it is subject to a harmless-error analysis.

Here, Appellant was prosecuted for the offense of unlawful possession of a firearm by a felon, a third degree felony.[2] The indictment alleged two prior felonies as enhancements pursuant to § 12.42(a)(3) of the Texas Penal Code, making the offense punishable as a second degree felony.[3] The judgment reflects that Appellant was adjudicated guilty of a second degree offense, with a finding of true as to both the "1st Enhancement Paragraph" and the "2nd Enhancement/Habitual Paragraph," and assessed punishment at confinement for a term of 20 years.

The conviction alleged as both an element of the offense and as an enhancement was superfluous to a determination of the appropriate range of punishment. From the

---

[2]Tex. Penal Code Ann. § 46.04(e).

[3]A felony offense enhanced by two prior felony convictions is punishable by imprisonment for life, or for any term of not more than 99 years or less than 25 years, if the second previous felony conviction is for an offense that occurred subsequent to the first previous felony conviction having become final. Tex. Penal Code Ann. § 12.42(d). A review of the indictment in this case reveals that, although the indictment alleges two prior felony convictions as enhancements, it does not allege the requisite language to bring this offense within the purview of § 12.42(d). Therefore, even if both prior felony convictions could have been used to enhance the primary conviction, the range of punishment would still have been the punishment range for a second degree felony. Tex. Penal Code Ann. § 12.42(a)(3).

7

judgment we can determine that the trial court thought that it was assessing punishment for an offense punishable as a second degree felony. Furthermore, this is not a situation where the trial court considered something that it should not have considered. Both prior convictions were properly before the court for consideration in assessing punishment. The punishment assessed was within the appropriate range of punishment. Therefore, based upon the record, I have a fair assurance that the error did not have a substantial and injurious influence on the punishment assessed by the trial court and I conclude that the error was harmless. *See* Tex. R. App. P. 44.2(b); *Solomon v. State,* 49 S.W.3d 356, 365 (Tex.Crim.App.2001). Accordingly, I too would affirm.


Patrick A. Pirtle
Justice


Do not publish.