NO. 07-07-0067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 8, 2008

______________________________

TERRELL ZEBADHAL THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 390
TH
 DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-200790; HONORABLE JULIE H. KOCUREK, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Terrell Zebadhal Thomas, appeals his conviction for the offense of unlawful possession of a firearm by a felon, enhanced by two prior felony convictions, and sentence to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  On appeal, appellant raises the single issue that the same prior conviction was used both as an element of the offense and as an enhancement of punishment.  We affirm.

Background

The indictment against appellant alleges that he possessed a firearm before the fifth anniversary of his release from confinement in prison for the felony offense of assault of a public servant.  The assault of a public servant conviction was also identified as a prior felony conviction in the first paragraph of the enhancement portion of the indictment.  The indictment further alleges a second prior felony conviction as an enhancement of the indictment.  

Following a trial on the merits, a jury convicted the appellant of the primary offense of unlawful possession of a firearm by a felon.  Appellant went to the trial court for punishment and entered a plea of “Not True” to both enhancement paragraphs.  After hearing the evidence, the trial court found that both allegations were true and sentenced appellant to 20 years confinement.

Analysis

Appellant correctly points out that the same prior conviction may not be used to prove both an element of an offense and an enhancement allegation contained in the same indictment.  
See
 
Ramirez v. State
, 527 S.W.2d 542, 544 (Tex.Crim.App. 1975); 
Garcia v. State
, 169 Tex.Crim. 487, 335 S.W.2d 381, 382 (1960).  This became known as the “Garcia-Ramirez” rule and was subsequently reaffirmed after the passage of the Texas Penal Code.  
See
 
Wisdom v. State
, 708 S.W.2d 840, 845 (Tex.Crim.App. 1986).

However, before we can analyze the effect of any error committed by the trial court, the issue of preservation of error must be examined.  
To preserve an issue for appellate review, the complaining party must make a timely objection to
 the trial court that properly states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Butler v. State
, 872 S.W.2d 227, 236 (Tex.Crim.App. 1994); 
Adams v. State
, 179 S.W.3d 161, 164 (Tex.App.–Amarillo 2005, no pet.). 
Preservation of an objection to the indictment must be raised prior to trial or the same is waived.  
See
 
Teal v. State
, 230 S.W.3d 172, 176-77 (Tex.Crim.App. 2007). 
  Preservation of error is a systemic requirement that a first-level appellate court should review on its own motion.  
See
 
Jones v. State
, 942 S.W.2d 1, 2 (Tex.Crim.App. 1997)
; 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex.Crim.App. 1992) (op. on reh’g)
. 

The record of the trial reveals that there was no objection nor motion to quash the indictment claiming that the indictment impermissibly allowed the State to plead the same prior felony conviction as an element of the offense and for purposes of enhancement.  Further, no objection was made by appellant at the time the evidence of the prior felony conviction was offered for purposes of enhancement of punishment.  
Having found no objection of any type, the issue is waived and there is nothing for review. 
Butler
, 872 S.W.2d at 236.
(footnote: 1)
Conclusion

Having determined that there was no error preserved, we affirm the judgment of the trial court.

Mackey K. Hancock

         Justice

Pirtle, J., concurring.  

Do not publish.   

FOOTNOTES
1: Further, we note, appellant has not provided this court with any analysis or briefing regarding why this error should be considered harmful error and, thereby, reversible.  With no analysis or briefing on the subject there is nothing for the court to review.  
Tex. R. App. P.
 38.1(h); 
Vuong v. State
, 830 S.W.2d 929, 940 (Tex.Crim.App. 1992); 
Murchison v. State
, 93 S.W.3d 239, 254 (Tex.App.–Houston [14
th
 Dist.] 2002, pet. ref’d).