NO. 07-04-0571-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 18, 2005

_____

JOSHUA LEE ADAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 15,535-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Following a plea of not guilty, appellant Joshua Lee Adams was convicted by a jury of intoxication manslaughter with a deadly weapon and sentenced to eight years confinement and a $7,000 fine. Presenting five points of error, appellant contends the trial court erred by (1) permitting the State to amend its indictment on the day of trial, (2) failing

to physically alter the indictment after permitting the State's amendment, (3) admitting evidence of prior bad acts under Rule 404(b), (4) inserting the phrase "intoxication by alcohol" in the jury charge when there was no evidence of alcohol intoxication,[1] and (5) overruling an objection to the State's jury argument suggesting a lesser burden for the State to convict. We affirm.

Gerald Grooms was killed when his motorcycle was struck from behind by a vehicle driven by appellant. Witnesses testified appellant's behavior after the collision was consistent with intoxication by drugs, and evidence indicated he routinely ingested excessive quantities of Coricidin medication to get high. Appellant was subsequently charged with intoxication manslaughter for being under the influence of Coricidin at the time of the collision.

**Indictment**

By his first point of error, appellant contends the trial court erred by allowing the State to amend its indictment on the day trial commenced thereby depriving him of due process of law. We disagree. Article 28.10 of the Code of Criminal Procedure governs the procedure for amending an indictment. Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 1989). Subsection (a) provides that "an indictment or information may be amended at any time before the date the trial on the merits commences." *Id.* at (a). Upon request, the

---

[1]Appellant waived his fourth point of error during oral argument and will not be addressed below.

defendant is entitled to ten days to respond to a proposed amendment. *Id.* Subsection (b) allows an indictment to be amended after trial commences if the defendant does not object. However, the statute does not provide for amendments to an indictment made on the date of trial prior to jury selection. Sodipo v. State, 815 S.W.2d 551, 555 (Tex.Cr.App. 1990). This omission has been interpreted to preclude the State from amending an indictment on the date of trial over a defendant's objection. *Id.* at 556; State v. Murk, 815 S.W.2d 556, 558 (Tex.Cr.App. 1991).

In the present case, appellant was indicted for intoxication manslaughter on October 1, 2003. On October 27, 2004, the State filed a motion to amend the indictment and a copy was mailed to appellant's counsel. Later that day, the motion was granted and an order amending the indictment was signed by a district judge. On October 28, 2004, the State filed a second motion to amend the indictment which included a notice of intent to seek an affirmative finding of the use or exhibition of a deadly weapon. This time, the State faxed a copy of the motion to appellant's counsel, and a second order amending the indictment was signed by a district judge that afternoon.

Appellant's trial began on November 8, 2004. Prior to voir dire, appellant objected to the second motion and order amending the indictment claiming (1) the amendment was granted on the same day it was received, thereby denying him the ability to respond or argue the merits of the motion, and (2) the notice of intent to seek an affirmative finding of a deadly weapon was a material allegation which needed to be presented to a grand jury.

3

Following considerable discussion from both sides, the court overruled appellant's objection and upheld the order amending the indictment.

A review of the record shows appellant failed to object or otherwise direct the court's attention to the complaint he raises on appeal that an indictment may not be amended on the date trial commences. *See* Tex. R. App. P. 33.1(a). Under similar circumstances, the Court in *Murk* held that any error is waived on appeal when a defendant fails to object to such an amendment at trial. *Cf. Sodipo*, 815 S.W.2d at 556 (finding a defendant preserved his claim by specifically objecting to the indictment error). Similarly, because appellant failed to preserve any error, his first point presents nothing for review and is overruled.

By his second point, appellant contends the trial court deprived him of due process of law by not actually altering the indictment after permitting the State's amendment. We disagree. In order to complain of a defect of form or substance in an indictment, a defendant must object to the defect at trial. Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005). *See also* Tex. R. App. P. 33.1(a). Because no objection was made at trial, the court's alleged error in failing to properly amend the indictment was waived. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b). Appellant's second point is overruled.

**Evidence of Prior Bad Act**

By his third point, appellant contends the trial court abused its discretion by allowing three witnesses to testify concerning his use of Coricidin on a prior occasion in 2001 and

its observed effects on his physical and mental condition. Appellant claims this erroneously admitted testimony deprived him of equal protection and due process of law. We disagree.

Whether evidence is admissible is within the sound discretion of the trial judge. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App.1990). Therefore, the standard of review for admission or exclusion of evidence is abuse of discretion. Erdman v. State, 861 S.W.2d 890, 893 (Tex.Cr.App. 1993). A trial judge does not abuse his discretion unless he has "acted arbitrarily and unreasonably, without reference to any guiding rules and principles." Breeding v. State, 809 S.W.2d 661, 663 (Tex.App.–Amarillo 1991, pet. ref'd). As long as the trial court's ruling was within the " zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *See* Rachal v. State, 917 S.W.2d 799, 807 (Tex.Cr.App.1996). But, if it cannot be concluded from common, reasonable experience that the evidence has a tendency to make the existence of a fact of consequence more or less probable, then the trial court's decision was not within the zone of reasonable disagreement and was an abuse of discretion. *Id*.

Therefore, the discretion to admit or exclude evidence is not absolute. For example, extraneous offense or character evidence is generally inadmissible. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

knowledge, identity, absence of mistake, or accident. *Id.* In determining whether the trial court abused its discretion, we will review the witnesses' testimony separately.

**Larry Adams**

Mr. Adams testified to appellant's use of Coricidin on a prior occasion in September 2001. Prior to the testimony, appellant objected that it was "highly prejudicial" and that its prejudicial effect on the jury outweighed any probative value. The court overruled the objection and allowed the witness to testify.

A timely and reasonably specific objection is required to preserve error for appellate review. Tex. R. App. P. 33(a)(1); Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994). Where the alleged error relates to the admission of evidence, a timely objection must be made stating the specific ground of objection. Tex. R. Evid. 103(a)(1); Higgins v. State, 924 S.W.2d 739, 745 (Tex.App.–Texarkana 1996, pet. ref'd). In addition, the objection at trial must comport with the error complained of on appeal. Goff v. State, 931 S.W.2d 537, 551 (Tex.Cr.App. 1996). No objection was raised at trial regarding error under Rule 404(b); therefore, the issue was not preserved for appeal. Tex. R. App. P. 33(a)(1).

**Abbey O'Brien and Michael Ecker**

Ms. O'Brien intended to testify to appellant's prior use of Coricidin over a one year period and its effects on his mental and physical condition. Appellant objected that the testimony was not relevant to the offense charged and requested that the court hold a

hearing outside the presence of the jury to determine relevancy. Following the hearing, appellant argued the testimony should be excluded under Rule 404(b) as an attempt to show bad conduct, and under Rule 403 because it was more prejudicial than probative. The court overruled appellant's objection and found the testimony to be relevant, but limited the witness's testimony to appellant's use of Coricidin on one occasion in September 2001.

Similarly, Mr. Ecker testified to his observations regarding appellant's mental and physical condition after ingesting Coricidin on the occasion in September 2001. Appellant objected under Rules of Evidence 404(b) and 403. The court overruled the objections and allowed the testimony to be admitted for the limited purpose of demonstrating the physical effects of Coricidin on appellant. Prior to the testimony, at the request of appellant, the court orally instructed the jury as follows:

> The defendant is on trial solely on the charge contained in the indictment. In reference to evidence, if any, that the defendant has previously participated in transactions or acts, other than but similar to that which is charged in the indictment in this case, you are instructed that you cannot consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in such transactions or committed such acts, if any. And even then, you may only consider the same for the purpose of the sole issue of the effect of Coricidin on the physical abilities of the defendant, and no other purpose.

The jury was further instructed that this instruction also applied to the testimony of Larry Adams and Abbey O'Brien. The instruction was also included in the final jury charge.

7

Assuming *arguendo* that the witnesses' testimony should not have been admitted, a harm analysis must be conducted, pursuant to Tex. R. App. P. 44.2(b). The rule requires us to disregard an error that is not constitutional error unless it affects a "substantial right" of appellant. Tex. R. App. P. 44.2(b). A substantial right is affected when an error has a substantial and injurious effect or influence on the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997). Although appellant asserts there was a violation of equal protection and due process, violations of the evidentiary rules resulting in the erroneous admission of evidence are generally held not to be constitutional error. Tate v. State, 988 S.W.2d 887, 890 (Tex.App.–Austin 1999, pet. ref'd). Furthermore, we generally presume that the jury follows the trial court's instructions, including a limiting instruction regarding certain testimony. *See* Waldo v. State, 746 S.W.2d 750 (Tex.Cr.App. 1988).

Here, other witnesses testified to appellant's behavior following the collision and their belief that he was under the influence of intoxicating drugs. Considering the other evidence admitted and the court's limiting instructions, we find the testimony concerning appellant's use of Coricidin on a prior occasion in September 2001, even if inadmissible, did not have a substantial and injurious effect or influence on the jury's verdict. We hold the trial court did not abuse its discretion in allowing the testimony for a limited purpose and overrule appellant's third point of error.

**Improper Jury Argument**

By his fifth point, appellant contends the trial court erred in overruling his objection to the State's jury argument suggesting a lesser burden for intoxication manslaughter.

The following exchange occurred during the State's closing argument:

State: If he - - if it's true that he operated that motor vehicle while he was intoxicated, stoned on Coricidin, and his operation of the vehicle while intoxicated caused this man's death, then he is guilty.

Defense: Your Honor, the charge specifically says that the intoxication caused the death, and I think he is misrepresenting the charge to the jury.

The Court: No, I don't think it says that. Overruled.

Appellant maintains that the State's characterization of the law denies him due process. We disagree. Appellate courts have consistently held that prosecutorial misstatements of law are not constitutional in nature. Coggeshall v. State, 961 S.W.2d 639, 643 (Tex.App.–Fort Worth 1998, pet. ref'd). In conducting a harm analysis under Rule 44.2(b), we disregard nonconstitutional errors unless appellant's substantial rights are affected. As previously noted, a substantial right is affected when error has a substantial and injurious effect or influence on the jury's verdict. King v. State, 953 S.W.2d 266 at 271. To determine whether a prosecutor's misstatement of law had a substantial and injurious effect or influence on the jury's verdict, we look at all the evidence and the court's charge, as well as the misstatement. Herrera v. State, 11 S.W.3d 412, 415 (Tex.App.–Houston

[1st Dist.] 2000, pet. ref'd). Absent evidence to the contrary, a jury is presumed to follow the instructions set forth in the court's charge. Hutch v. State, 922 S.W.2d 166, 172 (Tex.Cr.App. 1996). However, such presumption can be rebutted. *See* Resendiz v. State, 112 S.W.3d 541, 546 (Tex.Cr.App. 2003).

Here, the jury charge correctly stated the elements of intoxication manslaughter. The charge provided that a person commits the offense when he operates a motor vehicle in a public place, is intoxicated, and by reason of that intoxication, causes the death of another by accident or mistake. *See also* Tex. Pen. Code Ann. § 49.08(a) (Vernon 2003). The State claims that it "essentially argued" that appellant's intoxication, not just his operation of a motor vehicle, caused the death of the victim. However, we disagree and accept appellant's contention that the State misstated the law regarding the evidence on which the jury could convict.

Even so, we fail to find anything in the record suggesting that this misstatement had a substantial and injurious effect or influence on the jury's verdict. The elements required to convict were correctly stated in the charge, and appellant fails to direct us to any evidence that the jury failed to properly follow the charge. Therefore, we hold the error is harmless. *See* Tex. R. App. P. 44.2(b). Appellant's fifth point is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Publish.

10