BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-08-0076-CR


NO. 07-08-0077-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 23, 2008


______________________________



ARNALDO ORTIZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee


 _________________________________



FROM THE 46th DISTRICT COURT OF WILBARGER COUNTY;



NOS. 10,937 and 11,009; HON. DAN MIKE BIRD, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., HANCOCK, J., and BOYD, S.J. (1)

 Arnaldo Ortiz (appellant) appeals from two counts of aggravated sexual assault of
a child. He filed his notices of appeal on February 1, 2008. The clerk's records were filed
on February 27 and 28, 2008, and the reporter's records on March 25, 2008. However, the
appeals were abated to the trial court on March 4, 2008, because appellant had not signed
the trial court certification. The amended certifications and supplemental clerk's records
were filed on March 13, 2008. On March 31, 2008, counsel for appellant filed a motion to
withdraw, which was granted. New counsel filed motions for extension of time to file a brief
in each case on May 12, 2008, which motions were granted to June 9, 2008. On June 10,
2008, second extension motions were filed and granted to June 30, 2008, with the
admonition that no further extensions would be granted. No brief or extension was filed
with the Court. On July 7, 2008, a letter was sent to appellant's attorney notifying him the
briefs were overdue and that they or a response was due on July 17, 2008. To date, no
brief or extension motion has been filed in this Court.

 Consequently, we abate the appeal and remand the cause to the 46th District Court
(trial court) for further proceedings. Upon remand, the trial court shall immediately cause
notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:

 1. whether appellant is indigent; 


 2. whether appellant desires to prosecute the appeals; and


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file appellate
briefs. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant
is entitled to the effective assistance of counsel on the first appeal as
of right and that counsel must be available to assist in preparing and
submitting an appellate brief).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeals, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before August 11, 2008. Should
additional time be needed to perform these tasks, the trial court may request same on or
before August 11, 2008.

 It is so ordered.

 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2008). 



>Appellee
_________________________________

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NOS. 56,382-C & 56,383-C; HON. ANA ESTEVEZ, PRESIDING
______________________________

MEMORANDUM OPINION
______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Jolea Ann Cornelius was convicted of possessing a controlled substance
(methamphetamine) and being a felon in possession of a firearm. After the trial court
denied her motion to suppress, she pled guilty to both offenses and was sentenced by a
jury after a punishment hearing to twenty years confinement for the former offense and ten
years confinement for the latter. Her three issues on appeal involve whether the trial court
1) erred in denying her motion to suppress, 2) abused its discretion in admitting, during the
punishment phase of the trial, evidence of other bad acts when the State had not afforded
appellant notice of its intent to proffer that evidence, and 3) in omitting a reasonable doubt
instruction from the charge when asking the jury to assess punishment for the offense of
possessing a controlled substance. We affirm the judgments. 
          Background
          On August 18, 2007, Deputy Gabe Narramore of the Potter County Sheriff’s Office
was traveling behind a vehicle driven by appellant. She came to a stop at an intersection
whereat a flashing yellow light was located. After she proceeded through the intersection,
he initiated a traffic stop and discovered that appellant had no driver’s license, had no proof
of insurance on the vehicle, and had an outstanding warrant. Upon her arrest, appellant
told Narramore that the vehicle was not hers and, therefore, she did not know what was
in it. When another deputy advised appellant he was going to search the driver’s side of
the vehicle, she allegedly consented to it. Appellant’s open purse was found on the front
seat of the car and a plastic container holding what an officer believed to be contraband
was seen in it. Upon further search of the purse, the officer also found a handgun in a
zippered compartment. 
          Issue 1 - Motion to Suppress
          Appellant argues that the trial court should have suppressed the drugs and gun
found in the vehicle because the traffic stop was not valid. We overrule the issue.
          As previously mentioned, appellant was the subject of an outstanding arrest warrant
at the time of the stop. Though the officers did not know this until they detained her, the
fact that a warrant was outstanding cleansed the stop and search of any taint that may
have arisen from the initial detention. Hudson v. State, 247 S.W.3d 780, 787 (Tex. App.–
Amarillo 2008, no pet.); Fletcher v. State, 90 S.W.3d 419, 420 (Tex. App.–Amarillo 2002,
no pet.). In other words, any connection between the discovery of the contraband and the
allegedly illegal stop was broken, and the trial court did not err in denying the motion to
suppress. 
          Issue 2 - Admission of Other Offenses and Bad Acts
          Next, appellant complains of the admission into evidence during the punishment
phase of excerpts taken from telephone conversations to which appellant was a party while
in jail. The evidence purportedly was inadmissible because the State neglected to notice
her of its intent to use those conversations at trial.


 
          Evidence of an extraneous crime or bad act is admissible during the punishment
phase of the trial if the court deems it relevant and it is shown beyond a reasonable doubt
to have been committed by the defendant. Tex. Code Crim. Proc. Ann. art. 37.07 §3(a)(1)
(Vernon Supp. 2008). Furthermore, upon a timely request by the defendant, the State
must notify him of its intent to introduce such evidence. Id. §3(g). Again, to trigger the
State’s obligation, a defendant must serve the State with a request for notice or file a
motion requesting the court to order notice and obtain a ruling on that motion. Henderson
v. State, 29 S.W.3d 616, 625 (Tex. App.–Houston [1st Dist.] 2000, pet. ref’d). Here, no
such notice or motion appears of record. And, though appellant says one was filed or
served, she does not cite to the record in effort to show she preserved the complaint. 
Finally, appellant’s motions in limine did not fill the void since she did not request prior
notification through it. Nor did the trial court rule on those motions. So, we cannot say that
the State’s duty to notify was ever triggered.  
            Issue 3 - Lack of Reasonable Doubt Instruction 
          Finally, appellant claims harmful error on the part of the trial court in failing to sua
sponte instruct the jurors on another matter regarding the jury’s consideration of
extraneous bad acts. The instruction omitted was that directing the jury to forego
considering such acts unless it found, beyond reasonable doubt, that appellant committed
them. We overrule the issue.
          While the failure to so instruct the jury constitutes error, Huizar v. State, 12 S.W.3d
479, 484 (Tex. Crim. App. 2000), Allen v. State, 47 S.W.3d 47, 50 (Tex. App.–Fort Worth
2001, pet. ref’d), we find that the error did not result in egregious harm. See Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (stating that harm must be egregious
when the defendant did not object to the omitting instruction); Neal v. State, 256 S.W.3d
264, 278 (Tex. Crim. App. 2008) (stating that harm is egregious if it deprives a defendant
of a fair and impartial trial). This is so for several reasons. First, appellant did not request
the instruction or object to its omission. 
          Second, though the instruction was omitted from the charge involving the
possession of narcotics, it was included in that involving the possession of a firearm. 
Moreover, the offenses were tried together. So, it was actually before the jury when it was
assessing punishment on both crimes. Moreover, we must presume that it considered the
instruction. Adams v. State, 179 S.W.3d 161, 165 (Tex. App.–Amarillo 2005, no pet.)
(holding that the courts presume jurors abide by the instructions given them). 
          Second, appellant pled guilty to the charged offenses, one of which implicitly
included reference to a prior felony conviction. So, the jurors legitimately knew that she
had a criminal record. We also note that appellant does not suggest that any factual
dispute surrounded her two prior state jail felony convictions and three prior misdemeanor
convictions about which the jury was told. Knowing that information alone would warrant
the sentence levied.
          Third, while it is true that the State referred to the telephone conversations in its
closing in effort to portray appellant as a drug dealer, evidence of record nonetheless
indicated that she possessed a saleable amount of methamphetamine and scales. From
that, a rational juror could reasonably deduce that she was involved in the sale of drugs. 
          Simply put and upon reviewing the totality of the record, we cannot say that
appellant was denied a fair and impartial trial. Thus, the error did not give rise to egregious
harm. 
          Accordingly, the judgments of the trial court are affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.