NO. 07-08-0186-CR
NO. 07-08-0187-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 2, 2009
_____

JOLEA ANN CORNELIUS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NOS. 56,382-C & 56,383-C; HON. ANA ESTEVEZ, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Jolea Ann Cornelius was convicted of possessing a controlled substance (methamphetamine) and being a felon in possession of a firearm. After the trial court denied her motion to suppress, she pled guilty to both offenses and was sentenced by a jury after a punishment hearing to twenty years confinement for the former offense and ten years confinement for the latter. Her three issues on appeal involve whether the trial court 1) erred in denying her motion to suppress, 2) abused its discretion in admitting, during the

punishment phase of the trial, evidence of other bad acts when the State had not afforded appellant notice of its intent to proffer that evidence, and 3) in omitting a reasonable doubt instruction from the charge when asking the jury to assess punishment for the offense of possessing a controlled substance. We affirm the judgments.

*Background*

On August 18, 2007, Deputy Gabe Narramore of the Potter County Sheriff's Office was traveling behind a vehicle driven by appellant. She came to a stop at an intersection whereat a flashing yellow light was located. After she proceeded through the intersection, he initiated a traffic stop and discovered that appellant had no driver's license, had no proof of insurance on the vehicle, and had an outstanding warrant. Upon her arrest, appellant told Narramore that the vehicle was not hers and, therefore, she did not know what was in it. When another deputy advised appellant he was going to search the driver's side of the vehicle, she allegedly consented to it. Appellant's open purse was found on the front seat of the car and a plastic container holding what an officer believed to be contraband was seen in it. Upon further search of the purse, the officer also found a handgun in a zippered compartment.

*Issue 1 - Motion to Suppress*

Appellant argues that the trial court should have suppressed the drugs and gun found in the vehicle because the traffic stop was not valid. We overrule the issue.

As previously mentioned, appellant was the subject of an outstanding arrest warrant at the time of the stop. Though the officers did not know this until they detained her, the fact that a warrant was outstanding cleansed the stop and search of any taint that may have arisen from the initial detention. *Hudson v. State,* 247 S.W.3d 780, 787 (Tex. App.–

2

Amarillo 2008, no pet.); *Fletcher v. State,* 90 S.W.3d 419, 420 (Tex. App.–Amarillo 2002, no pet.).  In other words, any connection between the discovery of the contraband and the allegedly illegal stop was broken, and the trial court did not err in denying the motion to suppress.

*Issue 2 - Admission of Other Offenses and Bad Acts*

Next, appellant complains of the admission into evidence during the punishment phase of excerpts taken from telephone conversations to which appellant was a party while in jail.  The evidence purportedly was inadmissible because the State neglected to notice her of its intent to use those conversations at trial.[1]

Evidence of an extraneous crime or bad act is admissible during the punishment phase of the trial  if the court deems it relevant and it is shown beyond a reasonable doubt to have been committed by the defendant.  TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1) (Vernon Supp. 2008).  Furthermore, upon a timely request by the defendant, the State must notify him of its intent to introduce such evidence.  *Id.* §3(g).  Again, to trigger the State's obligation, a defendant must serve the State with a request for notice or file a motion requesting the court to order notice and obtain a ruling on that motion.  *Henderson v. State,* 29 S.W.3d 616, 625 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd).  Here, no such notice or motion appears of record.  And, though appellant says one was filed or served, she does not cite to the record in effort to show she preserved the complaint.  Finally, appellant's motions in limine did not fill the void since she did not request prior

---

[1]Appellant is particularly concerned with two conversations in which she was heard to say that she had made a "dude" $20,000 in one week.

notification through it. Nor did the trial court rule on those motions. So, we cannot say that the State's duty to notify was ever triggered.

*Issue 3 - Lack of Reasonable Doubt Instruction*

Finally, appellant claims harmful error on the part of the trial court in failing to *sua sponte* instruct the jurors on another matter regarding the jury's consideration of extraneous bad acts. The instruction omitted was that directing the jury to forego considering such acts unless it found, beyond reasonable doubt, that appellant committed them. We overrule the issue.

While the failure to so instruct the jury constitutes error, *Huizar v. State,* 12 S.W.3d 479, 484 (Tex. Crim. App. 2000), *Allen v. State,* 47 S.W.3d 47, 50 (Tex. App.–Fort Worth 2001, pet. ref'd), we find that the error did not result in egregious harm. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (stating that harm must be egregious when the defendant did not object to the omitting instruction); *Neal v. State,* 256 S.W.3d 264, 278 (Tex. Crim. App. 2008) (stating that harm is egregious if it deprives a defendant of a fair and impartial trial). This is so for several reasons. First, appellant did not request the instruction or object to its omission.

Second, though the instruction was omitted from the charge involving the possession of narcotics, it was included in that involving the possession of a firearm. Moreover, the offenses were tried together. So, it was actually before the jury when it was assessing punishment on both crimes. Moreover, we must presume that it considered the instruction. *Adams v. State,* 179 S.W.3d 161, 165 (Tex. App.–Amarillo 2005, no pet.) (holding that the courts presume jurors abide by the instructions given them).

4

Second, appellant pled guilty to the charged offenses, one of which implicitly included reference to a prior felony conviction. So, the jurors legitimately knew that she had a criminal record. We also note that appellant does not suggest that any factual dispute surrounded her two prior state jail felony convictions and three prior misdemeanor convictions about which the jury was told. Knowing that information alone would warrant the sentence levied.

Third, while it is true that the State referred to the telephone conversations in its closing in effort to portray appellant as a drug dealer, evidence of record nonetheless indicated that she possessed a saleable amount of methamphetamine and scales. From that, a rational juror could reasonably deduce that she was involved in the sale of drugs.

Simply put and upon reviewing the totality of the record, we cannot say that appellant was denied a fair and impartial trial. Thus, the error did not give rise to egregious harm.

Accordingly, the judgments of the trial court are affirmed.


Brian Quinn
Chief Justice


Do not publish.