**AFFIRMED as MODIFIED and Opinion Filed July 10, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00228-CR

**VICENTE RAMIREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1618106-U**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Vincente Ramirez appeals his conviction for aggravated assault with a deadly weapon. In a single issue, Ramirez contends the evidence is insufficient to support his conviction because the State's amendment of the indictment was ineffective and his judicial confession did not encompass all of the elements of the originally indicted offense. In a cross-issue, the State requests we modify the judgment to reflect the correct offense for which appellant was convicted. For the reasons that follow, we modify the judgment as requested and affirm the trial court's judgment as modified.

### Background

On June 14, 2016, a grand jury indicted appellant for intoxication assault with a vehicle causing serious bodily injury. The indictment included two felony enhancement paragraphs of driving while intoxicated.

One year later, the State moved to amend the indictment to allege the offense of aggravated assault with a deadly weapon. The motion stated, and appellant does not dispute, that he agreed to the amendment pursuant to a plea bargain agreement. Attached to the motion was a copy of the proposed amended indictment which included the same two enhancement paragraphs.

On December 1, 2017, appellant signed an open plea agreement in which he pleaded guilty to the offense of aggravated assault with a deadly weapon. The State struck the second felony enhancement paragraph and appellant pleaded true to the remaining enhancement. At the plea hearing, the trial judge informed appellant "you're charged by indictment with a second-degree felony offense of aggravated assault, but there is an enhancement paragraph in that indictment . . . and so that makes the range of punishment jump up to that of a first-degree felony, 5 – 99 years or life in prison." Appellant acknowledged he understood the offense and the range of punishment he faced. Appellant further stated he understood all the documents he signed that day which included his plea agreement and judicial confession. Appellant then pleaded guilty to the offense and true to the enhancement paragraph stating he was doing so solely because he was guilty, and because the enhancement paragraph was true, and for no other reason.

After appellant entered his plea, the State, seeking to ensure that the parties' agreement regarding amendment of the indictment was on the record, engaged in the following exchange with the trial court:

> THE STATE: Your Honor, before I make my offer, State would just like to – in order to make the record clear . . . in agreement with the defense, we've agreed to amend the indictment, alleging aggravated assault, which is a second-degree felony and allowed the defendant, as part of the plea bargain, to plead guilty with one enhancement and plead true to one enhancement paragraph.
>
> With that – with that clarification for the record; is that correct, Phillip?
>
> DEFENSE COUNSEL: It is, Your Honor.
>
> THE COURT: Okay.

At the conclusion of the hearing, the trial court accepted appellant's pleas and orally pronounced him guilty of aggravated assault with a deadly weapon. Appellant was sentenced to ten years' imprisonment. On the docket sheet, the court noted that appellant was found guilty of aggravated assault with a deadly weapon as charged in the indictment. Appellant then brought this appeal.

**Analysis**

## I. Amendment of Indictment

In his sole issue on appeal, appellant contends the evidence is insufficient to support his conviction. Appellant does not dispute that the evidence in the record, including his open plea of guilty and his judicial confession, was sufficient to support his conviction for aggravated assault with a deadly weapon. Instead, appellant argues that the State's amendment of the indictment was ineffective because the trial court did not grant the State's motion to amend by an order incorporating the language of the amendment. Therefore, according to appellant, the State was required to prove the offense of intoxication assault as alleged in the original indictment and failed to do so. The State contends appellant waived his right to challenge the amendment of the indictment by not making a timely objection. We agree.

Article 1.14 of the Texas Code of Criminal Procedure states that, if the defendant "does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding." TEX. CODE CRIM. PROC. ANN. art. 1.14(b). Under article 1.14, alleged errors in an indictment, such as the failure of the trial court to render an order memorializing the language of an amendment, are waived unless raised by a timely objection. *See Adams v. State*, 179 S.W.3d 161, 163 (Tex. App.—Amarillo 2005, no pet.). In this case, appellant not only failed to object to the State's amendment of the indictment, he assented to the amendment

–3–

as part of his plea bargain agreement. Accordingly, appellant has waived any error with respect to the amendment of the indictment.

Because appellant failed to preserve error related to the amendment, we review his challenge to the sufficiency of the evidence based on the amended indictment, rather than the original indictment. *See Trevino v. State*, 470 S.W.3d 660, 663–64 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *Floyd v. State*, No. 05-17-01325-CR, 2018 WL 5784487, at *2 (Tex. App.—Dallas Nov. 5, 2018, pet. ref'd). As stated above, appellant does not dispute that the evidence is sufficient to support his conviction for the offense of aggravated assault with a deadly weapon as alleged in the amended indictment. We, therefore, overrule appellant's sole issue.

## II. Modification of Judgment

In a cross-issue, the State requests this Court to modify the judgment in this case to reflect that appellant was convicted of aggravated assault with a deadly weapon pursuant to section 22.02 of the Texas Penal Code. At trial, the court orally pronounced appellant guilty of aggravated assault with a deadly weapon. The judgment signed by the trial court, however, states that appellant was convicted for "intoxicated assault." When there is a variation between the oral pronouncement of the trial court's judgment and the written memorialization of the judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998); *Morrison v. State*, 480 S.W.3d 647, 666–67 (Tex. App.—El Paso 2015, no pet.). In such cases, we have the authority to reform or modify the judgment to conform to the record of the proceedings and to render an appropriate judgment. TEX. R. APP. P. 43.2; *Bigley v. State*, 864 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Because the record in this case clearly demonstrates appellant was found guilty of aggravated assault with a deadly weapon, we modify the trial court's judgment to reflect that the offense for which appellant was convicted was aggravated assault with a deadly weapon pursuant

to section 22.02 of the penal code. Based on these modifications, we also modify the judgment to reflect that the degree of the offense was a second degree felony.

As modified, we affirm the trial court's judgment.

/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180228F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICENTE RAMIREZ, Appellant

No. 05-18-00228-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1618106-U.
Opinion delivered by Justice Reichek.
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the portion of the judgment entitled "Offense for which Defendant Convicted" the words "Intoxicated Assault" are **DELETED** and **REPLACED** with "Aggravated Assault, Deadly Weapon." Under the portion of the judgment entitled "Statute for Offense" the words "49.07 Penal Code" are **DELETED** and **REPLACED** with "22.02 Penal Code." Under the portion of the judgment entitled "Degree of Offense" the words "3rd Degree Felony" are **DELETED** and **REPLACED** with "2nd Degree Felony."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered July 10, 2019